Linda Bondi Morrison, Esq., SBN 210264
Ryan B. Luther, Esq., SBN 216928
TRESSLER LLP
18100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone:   (949) 336-1200
Facsimile:   (949) 752-0645
E-Mail:      lmorrison@tresslerllp.com
             rluther@tresslerllp.com

Attorneys for Plaintiff GREAT AMERICAN INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>        v.<br><br>SEQUOIA INSURANCE COMPANY,<br><br>                    Defendant. | Case No.  8:15-cv-01161<br><br>**GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF; EQUITABLE SUBROGATION; AND EQUITABLE CONTRIBUTION** |

Plaintiff Great American Insurance Company ("Great American"), by and through its undersigned counsel, hereby files its Complaint for Declaratory Relief and Equitable Subrogation against Defendant Sequoia Insurance Company ("Sequoia"), and states as follows:

### PARTIES

1.      Great American is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

2.      Great American is informed and believes and thereon alleges that Sequoia is a corporation organized and existing under the laws of the State of California with its principal place of business in Monterey, California.

## JURISDICTION AND VENUE

3.      Great American files this action in the United States District Court for the Central District of California on the basis of diversity of citizenship.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C §1332(a)(1), because there is complete diversity between Great American and Sequoia, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b)(1), in that Sequoia is subject to personal jurisdiction in the State of California and within the Central District of California.

## GENERAL FACTUAL ALLEGATIONS

6.      Great American files this action to recover from Sequoia amounts that were paid to defend and indemnify Millennium Community Management, LLC ("MCM"), in the Superior Court of California, County of Orange action styled *Vera v. Verano at Talega, et al.,* Case No. 30-2014-00702650-CU-PO-CJC ("Underlying Action").

### The Underlying Action

7.      On or about February 4, 2014, Alexander J. Vera ("Vera") commenced the Underlying Action, naming Verano at Talega Homeowners Association ("Association") and MCM, erroneously named as "Millennium Community Management, Inc.," as defendants.  A true and correct copy of Vera's Complaint for Damages filed in the Underlying Action ("Complaint") is attached hereto as **Exhibit "A."**

8.    In the Underlying Action, Vera sought to recover damages under theories of negligence and premises liability as a result of severe and debilitating injuries he sustained when he dived into a swimming pool at a condominium complex known as Verano at Talega in San Clemente, California ("Property"), for which MCM served as property manager.

9.    In the Complaint, Vera alleged that the defendants, including the Association and MCM, were liable because they "negligently, carelessly, recklessly, and unlawfully owned, operated, developed, designed, constructed, built permitted, licensed, acted upon, secured, managed and maintained [the Property] in a dangerous condition."

<u>**MCM's Responsibilities as the Association's Management Agent**</u>

10.    MCM served as the Association's management agent pursuant to a July 15, 2010 agreement entitled "Common Interest Development Contract Inclusive" ("Contract") setting forth broad descriptions of the various tasks for which MCM would be responsible with respect to the Property.

11.    According to the Contract, MCM's responsibilities included, but were not limited to, tasks associated with the implementation of the decisions of the Board of Directors for the Association; acting as liaison with contractors; securing bids for certain repairs, alterations or improvements to the Property; operating an answering service to field calls from tenants; performing inspections of the Property and identifying landscape/maintenance issues, other issues as requested by the Board, and documenting violations for enforcement by the Board.

<u>**The Policies**</u>

<u>**The Sequoia Policy**</u>

12.    Great American is informed and believes and thereon alleges that Sequoia issued Enterprise Insurance Policy No. SBP213777-3, to MCM for the policy period of March 1, 2011 to March 1, 2012 ("Sequoia Policy"), and that a true and correct copy of the Sequoia Policy is attached hereto as <u>**Exhibit "B."**</u>

13.     Great American is informed and believes and thereon alleges that the Sequoia Policy contains an applicable limit of $1 million per occurrence for liability and medical payments.

14.     Great American is informed and believes and thereon alleges that the Sequoia Policy contains the following language relevant to Sequoia's position with respect to the defense and settlement of claims asserted against MCM in the Underlying Action:

**SECTION II – LIABILITY**

**A.     Coverages**

    **1.     Business Liability**

        **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. …

* * *

**B.     Exclusions**

    **1.     Applicable to Business Liability Coverage**

    This insurance does not apply to:

* * *

    **j.     Professional Services**

    "Bodily injury", "property damage", "personal and advertising injury" caused by the rendering or failure to

render any professional service.  This includes but is not limited to:

* * *

(2)    Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

(3)    Supervisory, inspection or engineering services;

* * *

**F.    Liability and Medical Expenses Definitions**

* * *

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**The AMCO Policy**

15.    AMCO Insurance Company ("AMCO") issued Premier Business Owners Policy No. ACP BPH 7814638915 ("AMCO Policy"), to the Association for the policy period of August 10, 2011 to August 10, 2012, containing an applicable limit of $1 million per occurrence for liability and medical payments.

16.    As with the Sequoia Policy, the AMCO Policy contains an exclusion barring coverage for "bodily injury" arising out of the rendering of, or failure to render, "professional services."

/ / /

/ / /

GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF; EQUITABLE SUBROGATION; AND EQUITABLE CONTRIBUTION

**The Great American Policy**

17.     Great American issued the Protector Commercial Umbrella Policy No. UM 2386960, under which the Association was named as an insured by certificate, effective August 10, 2011 to August 10, 2012 ("Great American Policy").  The Great American Policy contains a limit of $5,000,000 for each occurrence in excess of primary coverage.

18.     As with the Sequoia Policy and the AMCO Policy, the Great American Policy contains an exclusion barring coverage for "bodily injury" arising out of the rendering of, or failure to render, "professional services."

**Sequoia's Refusal to Defend MCM in the Underlying Action**

19.     Great American is informed and believes that, after being served with the Complaint filed in the Underlying Action, MCM tendered its defense and indemnity to Sequoia, as its primary general liability insurer, under the Sequoia Policy.

20.     By letter sent on or about October 27, 2014, Sequoia denied coverage and refused to defend MCM based upon the alleged application of Exclusion "j. Professional Services" in the Sequoia Policy ("Professional Services Exclusion"), as well as the Designated Work Exclusion.

21.     Neither of the exclusions relied upon by Sequoia to deny coverage eliminated the potential for coverage for claims asserted against MCM in the Underlying Action under the Sequoia Policy, and consequently, Sequoia's refusal to defend the claims asserted against MCM in the Underlying Action was improper.

22.     Prior to the settlement of the Underlying Action, Great American and AMCO repeatedly demanded that Sequoia reconsider its position and agree to defend and settle the claims asserted against MCM in the Underlying Action, but Sequoia has continued to insist that the Professional Services Exclusion in the Sequoia Policy relieved Sequoia of any duty to defend MCM in the Underlying Action.

**Defense of Claims Asserted Against MCM in the Underlying Action**

23.    Great American is informed and believes and thereon alleges that the Summons and Complaint filed in the Underlying Action were served on MCM on or about March 13, 2014.

24.    AMCO retained the law firm of Horton, Oberrecht, Kirkpatrick & Martha ("Horton Firm") to defend the claims asserted against MCM in the Underlying Action.

25.    The Horton Firm filed an Answer on behalf of MCM, erroneously named as "Millennium Community Management, Inc.," on or about April 29, 2014, and began defending the claims asserted against the Association and MCM in the Underlying Action.

26.    Great American is informed and believes and thereon alleges that, on or about September 23, 2014, after learning that MCM was erroneously sued under the wrong name as "Millennium Community Management, Inc.," counsel for Vera amended the Complaint to name MCM as a defendant.

27.    At all relevant times during the Underlying Action, MCM's registration with the California Secretary of State to do business within the State of California had been placed into forfeiture by the Franchise Tax Board, rendering MCM unable to appear in the Underlying Action on its own behalf unless and until its forfeiture was cured.

28.    After learning of MCM's forfeiture status, AMCO intervened in the Underlying Action in order to continue defending against the claims asserted against MCM, through the Horton Firm.

29.    As a result of Sequoia's improper denial of coverage, MCM's forfeiture status and MCM's potential exposure to liability exceeding the applicable limits of the primary policy issued by AMCO, Great American joined AMCO in intervening in the Underlying Action to defend the claims asserted against MCM.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Settlement of the Underlying Action**

30.     In or about March 2015, AMCO and Great American settled the Underlying Action on behalf of Verano and MCM for a confidential sum that exceeded the applicable limit of the AMCO Policy.  Despite repeated demands from AMCO and Great American, Sequoia refused to engage in settlement discussions or contribute to the settlement.

**AMCO's Assignment of Rights to Great American**

31.     AMCO has contractually assigned its rights with respect to the recovery of amounts paid to defend claims asserted against MCM in the Underlying Action, to Great American.

**FIRST CAUSE OF ACTION**

(For Declaratory Relief Regarding Sequoia's Breach of its Duty to Defend Claims Asserted Against MCM in the Underlying Action)

32.     Great American hereby incorporates paragraphs 1 through 31 as though fully set forth herein.

33.     An actual controversy has arisen and now exists between Great American and Sequoia in that Great American contends and is informed and believes that Sequoia denies that it owed a duty to defend claims asserted against MCM in the Underlying Action.

34.     Great American desires a judicial determination that Sequoia had a duty to defend, and breached its duty to defend, the claims asserted against MCM in the Underlying Action.

**SECOND CAUSE OF ACTION**

(For Declaratory Relief Regarding Sequoia's Breach of its Duty to Reimburse Amounts Paid to Defend Claims Asserted Against MCM in the Underlying Action)

35.     Great American hereby incorporates paragraphs 1 through 34 as though fully set forth herein.

36.     An actual controversy has arisen and now exists between Great American and Sequoia in that Great American contends and is informed and believes that Sequoia denies that it is obligated to reimburse Great American for amounts paid by AMCO and/or Great American to defend the claims asserted against MCM in the Underlying Action.

37.     Great American desires a judicial determination that Sequoia is required to reimburse Great American for amounts paid by AMCO and/or Great American to defend the claims asserted against MCM in the Underlying Action.

## THIRD CAUSE OF ACTION

(For Declaratory Relief Regarding Sequoia's Obligation to Reimburse Amounts Paid to Settle Claims asserted Against MCM in the Underlying Action)

38.     Great American hereby incorporates paragraphs 1 through 37 as though fully set forth herein.

39.     An actual controversy has arisen and now exists between Great American and Sequoia in that Great American contends and is informed and believes that Sequoia denies that it is obligated to reimburse Great American for amounts paid to settle the Underlying Action on behalf of MCM.

40.     Great American desires a judicial determination that Sequoia is required to reimburse Great American for amounts paid to settle the claims asserted against MCM in the Underlying Action.

## FOURTH CAUSE OF ACTION

(For Equitable Contribution - Defense)

41.     Great American hereby incorporates paragraphs 1 through 40 as though fully set forth herein.

42.     AMCO defended claims asserted against MCM in the Underlying Action without contribution from Sequoia, despite a potential for coverage giving rise to a duty to defend under the Sequoia Policy.

43.    Great American, as AMCO's assignee, is entitled to equitable contribution in the amount AMCO paid to defend claims asserted against MCM in the Underlying Action that exceeded AMCO's properly allocated share in that defense.

## FIFTH CAUSE OF ACTION

(For Equitable Subrogation - Settlement)

44.    Great American hereby incorporates paragraphs 1 through 43 as though fully set forth herein.

45.    No obligation on the part of Great American to indemnify MCM under the Great American Policy could have arisen for any settlement or judgment that did not exceed the applicable limit of the Sequoia Policy.

46.    Despite an obligation to do so, Sequoia did not contribute toward the settlement of claims asserted against MCM in the Underlying Action.

47.    Great American is subrogated to the rights of MCM against its insurer, Sequoia, to recover amounts paid by Great American to settle the Underlying Action, because Sequoia had a primary obligation to settle claims against MCM in an amount up to the applicable limits of the Sequoia Policy, before any payment could have been required under the Great American Policy.

## PRAYER

WHEREFORE, Great American prays for judgment as follows:

1.    A declaration that Sequoia had a duty to defend, and breached its duty to defend, claims asserted against MCM in the Underlying Action under the Sequoia Policy;

2.    A declaration that Sequoia is obligated to reimburse Great American for amounts paid to settle the Underlying Action on behalf of MCM in excess of the applicable limit of the AMCO Policy;

3.    That Great American, as subrogee to MCM's rights under the Sequoia Policy, is entitled to recover from Sequoia amounts paid to settle the

GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF; EQUITABLE SUBROGATION; AND EQUITABLE CONTRIBUTION

1    Underlying Action on behalf of MCM in excess of the applicable limit

2    of the AMCO Policy;

3    4.    That Great American, as assignee of AMCO's right to recover amounts

4          paid by AMCO to defend claims against MCM in the Underlying

5          Action, is entitled to recover from Sequoia such amounts paid by

6          AMCO to defend MCM to the extent such amounts exceeded AMCO's

7          properly allocated share in the defense;

8    5.    For damages in an amount to be determined at the time of trial;

9    6.    For interest at the applicable legal rate on any amounts that Great

10         American is determined to be entitled to recover herein, from the dates

11         such amounts were paid by Great American and/or AMCO;

12   7.    For recovery of its costs of suit herein; and

13   8.    For such other relief as the Court herein deems just and proper.

14

15   Dated:  July 23, 2015          TRESSLER LLP

16

17

18                      By:    ___/s/Linda Bondi Morrison

19                             Linda Bondi Morrison, Esq.
                               Ryan B. Luther, Esq.
20                             Attorneys for Plaintiff
                               GREAT AMERICAN INSURANCE
21                             COMPANY

22   OC # 52150

23

24

25

26

27

28

GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF;
EQUITABLE SUBROGATION; AND EQUITABLE CONTRIBUTION