UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>SEQUOIA INSURANCE COMPANY,<br><br>  Defendant. | Case No.  8:15-cv-01161-DOC (Ex)<br><br>**AMENDED JUDGMENT** |

By Order entered on March 1, 2016 (Dkt. 44), the Court GRANTED the Motion for Partial Summary Judgment of Plaintiff Great American Insurance Company ("Great American"), in part, and DENIED the Motion for Summary Judgment of Defendant Sequoia Insurance Company ("Sequoia") ("March 1 Order"). On June 24, 2016, Great American and Sequoia filed a Stipulation for Entry of Order on Remaining Issues in Dispute (Dkt. 45). On June 27, 2016, the Court entered its Order on the Stipulation (Dkt. 47) ("Order on Stipulation").

It appearing to the satisfaction of the Court that its March 1 Order, together with the Order on Stipulation, dispose of each and every cause of action asserted in

Great American's Complaint in this action, and that a final judgment can and should be entered, and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. Sequoia owed a duty to defend Millennium Community Management, LLC ("MCM") in the Superior Court of California, County of Orange action styled *Vera v. Verano at Talega, et al.,* Case No. 30-2014-00702650-CU-PO-CJC ("Underlying Action") under Sequoia Enterprise Insurance Policy No. SBP213777-3 ("Sequoia Policy"), and breached that duty.

2. Great American, pursuant to a valid and enforceable assignment of rights from AMCO Insurance Company ("AMCO"), which defended MCM in the Underlying Action, is entitled to recover in equitable contribution those amounts reasonably and necessarily paid by AMCO for the defense of MCM in the Underlying Action, which should have been paid by Sequoia under the Sequoia Policy.

3. Judgment for equitable contribution is entered in favor of Great American and against Sequoia in the amount of $97,200.00, representing Sequoia's equitable share of amounts reasonably and necessarily paid by AMCO for the defense of MCM in the Underlying Action.

4. Pre-judgment interest is also awarded in favor of Great American and against Sequoia on the judgment for equitable contribution at the legal rate of seven percent (7%) *per annum* pursuant to California Civil Code Section 3287, from May 6, 2015 (the date the Underlying Action was dismissed), to the date hereof in the daily sum of $18.64. The pre-judgment interest is calculated as follows:

| | |
|---|---|
| May 6, 2015 to June 24, 2016 (415 days): | $ 7,735.60 . |
| June 25, 2016 to entry of Judgment ($18.64 x 2 days): | $ 37.28 . |
| Total Pre-Judgment Interest (Contribution): | $ 7,772.88 . |

5. Great American is also entitled to recover from Sequoia, under equitable subrogation, $1,000,000.00 of the $2,000,000.00 that Great American paid

to settle claims asserted against MCM in the Underlying Action, which should have been paid by Sequoia under the Sequoia Policy.

6. Judgment for equitable subrogation is entered in favor of Great American and against Sequoia in the amount of $1,000,000.00.

7. Pre-judgment interest is also awarded in favor of Great American and against Sequoia on the judgment for equitable subrogation at the legal rate of ten percent (10%) *per annum* pursuant to California Civil Code Section 3289, from April 9, 2015, (the date of Great American's $2,000,000.00 settlement payment) to the date hereof in the daily sum of $273.97. The pre-judgment interest is calculated as follows:

April 9, 2015 to June 24, 2016 (442 days):                   $ 121,094.74.
June 25, 2016 to entry of Judgment ($273.97 x 2 days):       $ 547.94     .
Total Pre-Judgment Interest (Subrogation):                   $ 121,642.68.

8. Including pre-judgment interest, the Total Judgment entered against Sequoia is $     1,226,615.56     [$97,200.00 + Total Pre-Judgment Interest (Contribution) + $1,000,000.00 + Total Pre-Judgment Interest (Subrogation).]

9. Pursuant to 28 U.S.C. Section 1961 and Local Rule 58-7, Great American is entitled to post-judgment interest to be calculated as set forth on the attached Memorandum of Post-Judgment Interest.

10. Great American is entitled to recover its costs of suit herein from Sequoia, to be addressed in a separate Application to the Clerk to Tax Costs to be noticed and filed by Great American pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54-2.

/ / /
/ / /
/ / /
/ / /
/ / /

This is a final judgment between Great American and Sequoia as to all causes of action, claims, defenses and issues in this action, including those asserted in Great

3
**AMENDED JUDGMENT**

American's Complaint. As set forth in the Order on Stipulation, this judgment is appealable by Sequoia, except for (1) any disputes concerning the validity of the assignment by AMCO to Great American; and (2) the amount of the contribution award ($97,200.00).

**IT IS SO ORDERED.**

DATED: June 27, 2016

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

**MEMORANDUM OF POST-JUDGMENT INTEREST**

Post-Judgment interest shall be calculated at the rate of .53 percent *per annum*, which is the weekly average, 1-year constant maturity Treasury yield for the week ending June 17, 2016, according to the June 13, 2016 Release of the Board of Governors of the Federal Reserve System.  Based on the amount of the Total Judgment as set forth in Paragraph 8 of the Judgment to which the Memorandum is attached, post-judgment interest is to be calculated at a rate of $ 17.81 per day (Total Judgment x .53% / 365), from the date of entry of Judgment until the date the Judgment is paid.

OC # 58513